# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Michael Dominic Sylvester and Dawn Marie Sylvester, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>Federal National Mortgage Association ("Fannie Mae"), Seterus, Inc. and Safeguard Properties, LLC, )<br>)<br>Defendants. ) | NO: 13-00970<br><br>Hon. Judge Donald R. Cassling |

## ANSWER TO AMENDED ADVERSARY COMPLAINT

NOW COMES Defendant, Safeguard Properties, LLC, by and through its attorneys, Tribler Orpett & Meyer, P.C., and in answer to Plaintiffs' Amended Adversary Complaint of the Debtor, states as follows:

### Introduction

1.  This is an action brought by the Plaintiffs for a Declaratory Judgment, injunctive, legal and equitable relief as provided for by Rules 7001(1), 7001(7) and 7001 (9) of the Federal Rules of Bankruptcy Procedure.

**ANSWER: Safeguard admits that Plaintiffs seeks relief under Rules 70001(1), 7001(7), and 7001(9). Safeguard denies that Plaintiffs are entitled to relief under these sections.**

2.  The Plaintiffs are also seeking the recovery of actual and punitive damages and attorney fees from the Defendants pursuant to Section 362(k) of the Bankruptcy Code as well as damages resulting from trespass, conversion, intrusion upon seclusion, breach of contract, intentional infliction of emotional distress and violations of the Illinois Consumer Fraud Act.

**ANSWER:    Safeguard admits that Plaintiffs seek damages related to Section 362(k) of the Bankruptcy Code, trespass, conversion, intrusion upon seclusion, and breach of contract, however, Safeguard denies that Plaintiffs are entitled to relief under these sections. Safeguard denies the remaining allegations of Paragraph 2.**

3.      The Plaintiffs are also objecting to the Proof of Claim (Claim 104) filed in this case by the Defendants Federal National Mortgage Association (hereinafter called "Fannie Mae") and/or Seterus, Inc. (hereinafter called "Seterus") pursuant to Rule 3007 of the Federal Rules of Bankruptcy Procedure and Sections 502 and 506 of the Bankruptcy Code,

**ANSWER:    The allegations of Paragraphs 3 constitute legal conclusions to which no response is required.**

4.      All of the claims stated herein stem from the damage, destruction and the illegal entry upon Plaintiffs' real property by Defendants without any authorization or consent.

**ANSWER:    Safeguard denies the allegations of Paragraph 4.**

## Jurisdiction

5.      This is a core proceeding as that term is defined by Section 157(b)(2) of Title 28 of the United States Code in that it concerns claims and matters arising out of the administration of this bankruptcy case and rights duly established under Title 11 of the United States Code and other applicable federal law.

**ANSWER:    The allegations of Paragraph 5 constitute legal conclusions to which no response is required.**

6.      This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code.

**ANSWER:    The allegations of Paragraph 6 constitute legal conclusions to which no response is required.**

7.    The Court has supplemental jurisdiction over the state law claims under Section 1367 of Title 20 of the United States Code,

**ANSWER:    The allegations of Paragraph 7 constitute legal conclusions to which no response is required.**

8.    Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

**ANSWER:    The allegations of Paragraph 8 constitute legal conclusions to which no response is required.**

### The Base Case and Parties

9.    The Plaintiffs in this case are Debtors under Chapter 11 of Title 11 of the United States Code in case number 13-6990, which case is presently pending before this court. The Plaintiff is hereinafter referred to as the Plaintiffs or the Debtors.

**ANSWER:    On information and belief, Safeguard admits the allegations of Paragraph 9.**

10.    The Defendant, Federal National Mortgage Association (hereinafter called "Fannie Mae"), is a federally chartered private corporation with its principal place of business in Washington, D.C.

**ANSWER:    On information and belief, Safeguard admits the allegations of Paragraph 10.**

11.    The Defendant, Seterus, Inc., is a Delaware corporation with a registered agent and address of CT Corporation System 208 S. LaSalle Street, Suite 814, Chicago, Illinois, 60604. The President and Secretary of Seterus, Inc. is Jay Memrnott, 14523 SW Millikan Way #200,

3

Beaverton, Oregon 97005. At all times relevant herein Seterus, Inc. its agents and employees were acting on behalf of and as an agent for Defendant Fannie Mae as a mortgage service",

**ANSWER:   Safeguard is without sufficient knowledge to admit or deny the allegations of this Paragraph.**

12.   The Defendant, Safeguard. Properties, Inc. d/b/a Safeguard Real Estate Properties, LLC (hereinafter called "Safeguard"), is a Delaware corporation with a registered agent and address of Illinois Corporation Service, 801 Adlai Stevenson Drive, Springfield, Illinois, 60703. The Principal Office of Safeguard Properties, LLC is located at 7887 Safeguard Circle, Valley View, Ohio 44125. At all times relevant herein, Safeguard Properties, LLC. its agents and employees were acting on behalf of and as an agent for Defendant Fannie Mae and/or Seterus.

**ANSWER:   Safeguard admits that it is a Delaware corporation with its principal office in Valley View, Ohio, and that it has a registered agent at Illinois Corporation Service. Safeguard denies the remaining allegations of Paragraph 12.**

### 6359 SOUTH STATE ROAD, KNOX, INDIANA 46534
### AND THE PROOF OF CLAIM FILED BY FANNIE MAE

13.   The Real Estate commonly known as 6359 South State Road, Knox, Indiana is legally described as follows:

LOT 52 IN SCOVILLE'S SUBDIVISION OF ORIGINAL LOT 2 IN THE NORTHEAST QUARTER OF SECTION 24, TOWNSHIP 32 NORTH, RANGE 2 WEST OF THE 2-ND P.M., STARKE COUNTY, INDIANA TOGETHER WITH MEANDERED LAND ADJACENT THERETO.

(hereinafter called "the real estate")

**ANSWER:   Safeguard is without sufficient knowledge to admit or deny the allegations of Paragraph 13.**

4

14. On July 15, 2002, Dawn M. Sylvester executed a Note to Greenpoint Mortgage 3 Funding, Inc. in the amount of $143,500.00 (hereinafter called "the Note") and a Mortgage as Grantor to Mortgage Electronic Registration Systems, Inc. as Grantee in the amount of $143,500.00 ((Starke County Recording Number 2002454143 recorded on July 16, 2002.) (hereinafter called "the mortgage"). The Note and Mortgage are a part of Exhibit 1.

**ANSWER:   Safeguard is without sufficient knowledge to admit or deny the allegations of Paragraph 14.**

15. That on May 13, 2013, Fannie Mae filed a Proof of Claim in the underlying Chapter 11 case as Claim 10-1. A copy of Proof of Claim 10-1 in Case 13 B 6990 is attached as Exhibit 1.

**ANSWER:   Safeguard is without sufficient knowledge to admit or deny the allegations of Paragraph 15.**

16. That according to the Note in Exhibit 1, Greenpoint Mortgage Funding, Inc. allegedly endorsed to the Note to Fannie Mae. Additionally, according to an Assignment which is a part of Exhibit 1, the mortgage was allegedly assigned by Mortgage Electronic Registration Systems, Inc. to Fannie Mae on March 3, 2011.

**ANSWER:   Safeguard is without sufficient knowledge to admit or deny the allegations of Paragraph 16.**

17. The Proof of Claim that was filed by Fannie Mae on May 13, 2013, was in the amount of $185,388.07 and in the amount of $58,241.16 for arrears. See attached Exhibit 1. The Plaintiff questions the right of Fannie Mae to file a Proof of Claim in this case as the mortgage and note attached to the Proof of Claim are in favor of Greenpoint Mortgage Funding, Inc. Although there is an alleged endorsement and Assignment, Plaintiff disputes the validity of both

5

documents. On this basis the entire Proof of Claim should be denied. In the event that the court determines that Fannie Mae had the right to file a Proof of Claim the court should consider items in the Proof of Claim itself. Fannie Mae's arrearage claim included thirty one mortgage payments, property inspections, attorney fees and an alleged escrow shortage. Plaintiff specifically objects to the following charges:

(a)     $33,030.19 is listed as the regular monthly principal and Interest Installments; No documentation is provided as how that number is computed or the amount being alleged as the monthly payment that was not paid. This amount is objected to;

(b)     $19,789.44 is listed as an Escrow Shortage. No documentation or detail is provided as such information is demanded and is objected to;

(c)     $360.00 is listed as Property Inspections Fees. No documentation or detail is provided and such information is demanded and objected to;

(d)     $2,271.80 is listed as Property Preservation Expenses. No documentation or detail is provided and such information is demanded and objected to;

(e)     $200.00 is listed as Title Costs. No documentation or detail is provided as such information is demanded and is objected to;

(f)     $900.00 is listed as attorney fees. No documentation (copy of the invoice) or detail is provided as such information is demanded and is objected to;

(g)     $1,400.00 is listed as prior attorney fees. No documentation (copy of the invoice) or detail is provided as such information is demanded and is objected to;

(h)     $176.00 is listed as prior bankruptcy costs. No documentation (copy of the invoice) or detail is provided as such information is demanded and is objected to;

(i)     $270.00 is listed as Locksmith. No documentation or detail is provided as such information is demanded and is objected to.

**ANSWER:     Safeguard is without sufficient knowledge to admit or deny the allegations of Paragraph 17.**

### Prior and Current Bankruptcy Cases

18.     On November 2, 2010, Michael and Dawn Sylvester filed a Petition under Chapter 13 of the Bankruptcy Code as Case Number 10 B 49354 in the Northern District of

6

Case 13-00970    Doc 38    Filed 01/13/14    Entered 01/13/14 13:06:41    Desc Main
                          Document      Page 7 of 20

Illinois. Case 10 B 49354 was dismissed on March 14, 2011 (hereinafter called "Bankruptcy Case One"),

**ANSWER:    On information and belief, Safeguard admits the allegations of Paragraph 18.**

19.    On April 1, 2011, Michael and Dawn Sylvester filed a Petition under Chapter 13 of the Bankruptcy Code as Case Number 11 B 14035 in the Northern District of Illinois. Case 11 B 14035 was dismissed on June 4, 2012 (hereinafter called "Bankruptcy Case Two").

**ANSWER: On information and belief, Safeguard admits the allegations of Paragraph 19.**

20.    On June 12, 2012, Michael and Dawn Sylvester filed a Petition under Chapter 13 of the Bankruptcy Code as Case Number 12 B 23667 in the Northern District of Illinois. Case 12 B 23667 was dismissed on November 15, 2012 (hereinafter called "Bankruptcy Case Three").

**ANSWER: On information and belief, Safeguard admits the allegations of Paragraph 20.**

21.    On February 24, 2013, Michael and Dawn Sylvester filed a Petition under Chapter 11 of the Bankruptcy Code as Case Number 13 B 06690 in the Northern District of Illinois. Case 13 B 06690 is the underlying case and is currently pending before this Court (hereinafter called 'the Present Bankruptcy Case").

**ANSWER:    On information and belief, Safeguard admits the allegations of Paragraph 21.**

### Violation of the Automatic Stay in Case Two & Three

22.    Case Two (11 B 14035) of the Plaintiffs was commenced by the filing of a voluntary petition with the Clerk of this Court on April 1, 2011.

**ANSWER:    On information and belief, Safeguard admits the allegations of Paragraph 22.**

23. On April 6, 2011, the Clerk of this Court, via the Bankruptcy Noticing Center, caused a written notice of the filing, of the automatic stay, and of the 341 meeting of creditors in Case Two to be mailed to all parties on the master mailing matrix by first class mail and that such notice was in fact received by Fannie Mae, Seterus and Safeguard (as agent of Fannie Mae and Seterus). A copy of the Notice of Commencement of Chapter 13 Case is attached as Exhibit "2."

**ANSWER: Safeguard denies that it received any notice from this Court related to Plaintiffs' bankruptcies prior to this lawsuit. Safeguard is without sufficient knowledge to admit or deny the remaining allegations of Paragraph 23.**

24. The Plaintiffs allege, upon information and belief, that the Exhibit "2" was mailed by the Clerk of this Court included the following warning to all creditors: **"CREDITORS MAY NOT TAKE CERTAIN ACTIONS:** The filing of the bankruptcy case automatically **stays** certain collection and other actions against the debtor, debtor's property, and certain co-debtors. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized."

**ANSWER: Safeguard denies that it received any notice from this Court related to Plaintiffs' bankruptcies prior to this lawsuit. Safeguard is without sufficient knowledge to admit or deny the remaining allegations of Paragraph 24.**

25. On April 6, 2011, the Clerk of this Court, via the Bankruptcy Noticing Center, caused a written notice of the Original Chapter 13 Plan to be mailed to all parties on the master mailing matrix by first class mail and that such notice was in fact received by Fannie Mae, Seterus and Safeguard (as agent of Fannie Mae and Seterus). A copy of the Original Chapter 13 Plan is attached as Exhibit "3."

**ANSWER: Safeguard denies that it received any notice from this Court related to Plaintiffs' bankruptcies prior to this lawsuit. Safeguard is without sufficient knowledge to admit or deny the remaining allegations of Paragraph 25.**

26. On April 15, 2011, the Clerk of this Court, via the Bankruptcy Noticing Center, caused a written notice of the Re notice of Confirmation Hearing filed on April 13, 2011, to be mailed to all parties on the master mailing matrix by first class mail and that such notice was in fact received by Fannie Mae, Seterus and Safeguard (as agent of Fannie Mae and Seterus). A copy of the Renotice of Confirmation Hearing filed on April 13, 2011, is attached as Exhibit "4."

**ANSWER: Safeguard denies that it received any notice from this Court related to Plaintiffs' bankruptcies prior to this lawsuit. Safeguard is without sufficient knowledge to admit or deny the remaining allegations of Paragraph 26.**

27. On May 11, 2011, A proof of Claim was filed by the predecessor in interest for Seterus in Bankruptcy Case Two (Proof of Claim 10-1).

**ANSWER: Safeguard is without sufficient knowledge to admit or deny the allegations of Paragraph 27.**

28. Prior to April 13, 2011, the Plaintiffs were in the process of remodeling the real estate. At that time, Plaintiffs were able to stay in home which had heat, water & air conditioning and was fully furnished with TVs, appliances, personal clothing, bedding and hygiene items. The Plaintiffs additionally were in the process of expanding the home on the real estate and building new dormers on the real estate. On April 13, 2011, the dormers were constructed with all the carpentry and materials including roofing, plywood sheating, roofing black paper and the barrier ice shield.

9

**ANSWER:    Safeguard is without sufficient knowledge to admit or deny the allegations of Paragraph 28.**

29.    Prior to April 13, 2011, Seterus on behalf of Fannie Mae issued a work order directing its home preservation company, Safeguard to change the locks and commit additional undertakings at the real estate. Seterus on behalf of Fannie Mae and Safeguard have a non employer/employee otherwise known as a principal/agent relationship where Safeguard is acting on the direction of Fannie Mae and. Seterus.

**ANSWER:    The allegations concerning Fannie Mae's and Safeguard's legal relationship constitute legal conclusions to which no response is required. To the extent a response is required, Safeguard denies that it has a principal-agent relationship with the other defendants. Answering further, Safeguard admits that Seterus issued a work order to Safeguard to perform certain property preservation activities on the subject real estate.**

30.    At no point did any of the Defendants contact the Plaintiffs to ascertain who occupied the real estate or to obtain authorization to enter the real estate.

**ANSWER:    Safeguard admits that it did not contact the Plaintiffs prior to performing its property preservation services. Safeguard is without sufficient knowledge to admit or deny the remaining allegations of Paragraph 30.**

31.    On April 13, 2011, Safeguard on the orders of Fannie Mae and/or Seterus forcibly broke into and/or entered and/or obtained access to the real estate, changed the locks, damaged the real estate and other personal property therein, stole personal items from the real estate and prevented access to Plaintiffs to the real estate. Additionally, the locks were changed and a lock box was put near the back door. Safeguard also, secured door locks with a glue / silicone substance (destroyed locks and doors), padlocked doors, boarded-up and removed lower level

windows, broke into the real estate, shut-off electric at breaker (cut wires to furnace, copper tubing to mechanical line other lone to all mechanicals), destroyed well water connections, turned off water, emptied toilets (taped/secured for non use), broke all glass in lower level windows, and emptied contents of refrigerator/freezer into sink (including freezer full of meat and other perishables (although other items thrown away)).

**ANSWER:    Safeguard states that its property preservation services are performed by independent contractors, and thus, Safeguard denies that it personally broke into Plaintiffs' property, that it changed or destroyed any locks, that turned off any water or electricity, boarded up any windows, broke any glass in the lower level windows, that it emptied the contents of Plaintiffs' fridge, or that it damaged Plaintiffs' personal or real property in anyway.**

32.    That since April 13, 2011, the Plaintiffs have not had access to the real estate although access has been demanded many times. The fact that the Plaintiffs did not have access has caused substantial damage to the real estate due to water, mold, mildew and other elements. That as a result of the actions of Safeguard the home on the real estate is a total loss and will need to be completely replaced. The actions of Safeguard on behalf of Seterus and Fannie Mae have caused more damages that the amount claimed by Fannie Mae.

**ANSWER:    On information and belief, Safeguard denies the allegations of Paragraph 32.**

33.    That in August 2011, after Complaints from Plaintiffs Safeguard removed the coverings off the basement windows which was then left strewn over the lawn (including other debris) which was cleaned by Plaintiffs. Since the glass for the basement windows was broken by Safeguard in April 2011, the removal of the boards caused additional damages (real estate left open to the elements) leaving the entire house open to elements, animals and people.

11

**ANSWER:** **Safeguard states that its property preservation services are performed by independent contractors, and therefore, Safeguard is without sufficient knowledge to admit or deny the allegations of Paragraph 33.**

34. Seterus had a consensual, principal/agent relationship with Safeguard.

**ANSWER:** **The allegations concerning Seterus' and Safeguard's legal relationship constitute legal conclusions to which no response is required. To the extent a response is required, Safeguard denies the allegations of Paragraph 34.**

35. Fannie Mae had a consensual principal/agent relationship with Safeguard.

**ANSWER:** **The allegations concerning Fannie Mae's and Safeguard's legal relationship constitute legal conclusions to which no response is required. To the extent a response is required, Safeguard denies the allegations of Paragraph 35.**

36. Seterus had the right to control the manner and method in which Safeguard came in contract with, entered and altered the subject property.

**ANSWER:** **The allegations concerning Seterus' and Safeguard's legal relationship constitute legal conclusions to which no response is required.  To the extent a response is required, Safeguard denies the allegations of Paragraph 36.**

37. Fannie Mae had the right to control the manner and method in which Safeguard came in contract with, entered and altered the subject property.

**ANSWER:** **The allegations concerning Fannie Mae's and Safeguard's legal relationship constitute legal conclusions to which no response is required. To the extent a response is required, Safeguard denies the allegations of Paragraph 37.**

38. The Automatic Stay as provided by 11 USC 362 was in full force in effect for Bankruptcy Case Two as to the Real Estate on April 13, 2011, until modification of the

Automatic Stay as to Seterus and Fannie Mae in Bankruptcy Case Two on April 2, 2012 (357 days).

**ANSWER:    The allegations of Paragraph 38 constitute legal conclusions to which no response is required.**

39.    Case Three (12 B 23667) of the Plaintiffs was commenced by the filing of a voluntary petition with the Clerk of this Court on June 12, 2012.

**ANSWER:    On information and belief, Safeguard admits the allegations of Paragraph 39.**

40.    On June 15, 2012, the Clerk of this Court, via the Bankruptcy Noticing Center, caused a written notice of the filing, of the automatic stay, and of the 341 meeting of creditors in Case Three to be mailed to all parties on the master mailing matrix by first class mail and that such notice was in fact received Fannie Mae, Seterus and Safeguard (as agent of Fannie Mae and Seterus). A copy of the Notice of Commencement of Chapter 13 Case is attached as Exhibit "5."

**ANSWER:    Safeguard denies that it received any notice from this Court related to Plaintiffs' bankruptcies prior to this lawsuit. Safeguard is without sufficient knowledge to admit or deny the remaining allegations of Paragraph 41.**

41.    The Plaintiffs allege upon information and belief that the Exhibit "5" was mailed by the Clerk of this Court included the following warning to all creditors: "CREDITORS MAY NOT TAKE CERTAIN ACTIONS: The filing of the bankruptcy case automatically **stays** certain collection and other actions against the debtor, debtor's property, and certain co-debtors. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be **penalized**."

**ANSWER: Safeguard denies that it received any notice from this Court related to Plaintiffs' bankruptcies prior to this lawsuit. Safeguard is without sufficient knowledge to admit or deny the remaining allegations of Paragraph 42.**

42. On June 15, 2011, the Clerk of this Court, via the Bankruptcy Noticing Center, caused a written notice of the Original Chapter 13 Plan to be mailed to all parties on the master mailing matrix by first class mail and that such notice was in fact received by Fannie Mae, Seterus and Safeguard (as agent of Fannie Mae and Seterus). A copy of the Original Chapter 13 Plan is attached as Exhibit "6."

**ANSWER: Safeguard denies that it received any notice from this Court related to Plaintiffs' bankruptcies prior to this lawsuit. Safeguard is without sufficient knowledge to admit or deny the remaining allegations of Paragraph 42.**

43. On September 29, 2012, the Clerk of this Court, via the Bankruptcy Noticing Center, caused a written notice of the Modified Chapter 13 Plan filed on September 26, 2012, to be mailed to all parties on the master mailing matrix by first class mail and that such notice was in fact received by Fannie Mae, Seterus and Safeguard (as agent of Fannie Mae and Seterus). A copy of the Modified Chapter 13 Plan filed on September 29, 2012, is attached as Exhibit "7."

**ANSWER: Safeguard denies that it received any notice from this Court related to Plaintiffs' bankruptcies prior to this lawsuit. Safeguard is without sufficient knowledge to admit or deny the remaining allegations of Paragraph 43.**

44. The Automatic Stay as provided by 11 USC 362 was in full force in effect for Bankruptcy Case Three as to the Real Estate on June 15, 2012, until dismissal of Bankruptcy Case Three on November 15, 2012 (153 days).

**ANSWER: The allegations of Paragraph 44 constitute legal conclusions to which no**

14

**response is required.**

45. That based on documents and statements by agents of State Farm Mutual Insurance Company that Safeguard and/or Seterus initiated a claim for Wind Damage which were actually damages caused by the actions and/or inactions of Safeguard Seterus and Fannie Mae.

**ANSWER:  Safeguard is without sufficient knowledge to admit or deny the allegations of Paragraph 45.**

### FIRST CLAIM FOR RELIEF

### PERMANENT INDUCTION GRANTING POSSESSION AND ORDERING DEFENDANTS TO TURN OVER POSSESSION OF THE REAL ESTATE COMMONLY COMMONLY KNOWN AS6359 SOUTH STATE ROAD 10, KNOX, INDIANA
### (Michael D. Sylvester & Dawn M. Sylvester vs. Fannie Mae, Seterus & Safeguard)

See Safeguard's Rule 12(b)(6) Motion to Dismiss

### SECOND CLAIM FOR RELIEF

### TRESSPASS TO REAL PROPERTY
### (Michael D. Sylvester & Dawn M. Sylvester vs. Fannie Mae, Seterus & Safeguard).

48. The allegations in paragraphs 1 through 47 of this complaint are realleged and incorporated herein by this reference.

**ANSWER:  Safeguard restates its responses to paragraphs 1-45, and incorporates its Rule 12(b)(6) Motion as if fully stated herein.**

49. At all times relevant, Michael Dominic Sylvester and Dawn Marie Sylvester were the legal owners of the real estate.

**ANSWER: The allegations of Paragraph 49 constitute legal conclusions to which no response is required. To the extent a response is required, Safeguard is without sufficient knowledge to admit or deny the allegations of Paragraph 49.**

15

Case 13-00970    Doc 38    Filed 01/13/14    Entered 01/13/14 13:06:41    Desc Main
          Document      Page 16 of 20

50.     At all times relevant, Michael Dominic Sylvester and Dawn Marie Sylvester had a legal right to possession of the real estate.

**ANSWER:    The allegations of Paragraph 50 constitute legal conclusions to which no response is required. To the extent a response is required, Safeguard is without sufficient knowledge to admit or deny the allegations of Paragraph 50.**

51.     Without consent or a right to possession, Fannie Mae and Seterus through its agent (Safeguard) forcibly entered the subject property, changed the locks, damaged the real property, and removed personal property.

**ANSWER:    The allegations of Paragraph 51 constitute legal conclusions to which no response is required. To the extent a response is required, Safeguard admits that its independent contractors entered the Property and changed the locks, but denies that it damaged the real property, and denies that it is in any way liable to the Plaintiffs.**

52.     Fannie Mae and Seterus knew that Michael Dominic Sylvester and Dawn Marie Sylvester owned the subject property and had possessory rights but Fannie Mae and Seterus acted with reckless, willful and conscious disregard for Michael Dominic Sylvester and Dawn Marie Sylvester's property rights.

**ANSWER:    Safeguard is without sufficient knowledge to admit or deny the allegations of Paragraph 52.**

53.     Fannie Mae, Seterus and their agents' forced entry, trespass upon the subject property, and changing of the locks interfered with Plaintiffs' ownership, use enjoyment and possession of the premises.

**ANSWER:    Safeguard denies the allegations of Paragraph 53.**

54. Fannie Mae, Seterus and its agents' forced entry and trespass upon the subject property caused great harm, humiliation, mental distress and suffering.

**ANSWER:** **Safeguard denies the allegations of Paragraph 54.**

55. Fannie Mae, Seterus and its agents' normal business practice is to ignore the possessory and ownership rights of homeowners and conduct business without obtaining a court order or searching the recorder of deeds to confirm or verify rights to property.

**ANSWER:** **Safeguard denies the allegations of Paragraph 55.**

### THIRD CLAIM FOR RELIEF

### CONVERSION
### (Michael D. Sylvester & Dawn M. Sylvester vs. Fannie Mae, Seterus & Safeguard)

See Safeguard's Rule 12(b)(6) Motion to Dismiss

### FOURTH CLAIM FOR RELIEF

### INTRUSION UPON SECLUSION
### (Michael D. Sylvester & Dawn M. Sylvester vs. Fannie Mae, Seterus & Safeguard)

See Safeguard's Rule 12(b)(6) Motion to Dismiss

### FIFTH CLAIM FOR RELIEF

### DAMAGES PURSUANT TO 11 USC 362(K) CAUSED BY DEFENDANTS TAKING POSSESSION OF THE REAL ESTATE ON MAY 5, 2011, AS TO THE REAL ESTATE COMMONLY KNOWN AS 6359 SOUTH STATE ROAD 10, KNOX, INDIANA
### (Michael D. Sylvester & Dawn M. Sylvester vs. Fannie Mae, Seterus & Safeguard)

68. The allegations in paragraphs 1 through 67 of this complaint are realleged and incorporated herein by this reference.

**ANSWER:** **Safeguard restates its responses to paragraphs 1-45 and 48-55, and incorporates its Rule 12(b)(6) Motion as if fully stated herein.**

17

69. The actions of the Defendants taking possession of the real estate on May 5, 2011, were violations of 11 U.S.C. Section 362 and 11 U.S.C. Section 541.

**ANSWER:    Safeguard denies the allegations of Paragraph 69.**

70. As a result of the above violations of 11 U.S.C. Section 362, the Defendants are liable to the Plaintiff for actual damages and legal fees.

**ANSWER:    Safeguard denies the allegations of Paragraph 70.**

71. Furthermore, the Court should impose punitive damages against the Defendants had notice of filing of Bankruptcy Case Two on April 1, 2011, even though they had sufficient notice of the filing of Bankruptcy Case Two and then not returning possession during the balance of Bankruptcy Case Two even when that case was confirmed and later Bankruptcy Case Three. The actions of Defendant show a lack of respect of this Court by immediately returning possession to Plaintiffs.

**ANSWER:    Safeguard denies the allegations of Paragraph 71.**

## SIXTH CLAIM FOR RELIEF

### DAMAGES FOR VIOLATION FOR BREACH OF THE NOTE AND MORTGAGE BY DEFENDANTS TAKING POSSESSION OF THE REAL ESTATE AND NOT PROTECTING AND PRESERVING THE REAL ESTATE AND CAUSING DAMAGES TO THE REAL ESTATE
### (Michael D. Sylvester & Dawn M. Sylvester vs. Fannie Mae, Seterus)

Defendant, SAFEGUARD PROPERTIES, LLC, makes no answer to the allegations of Plaintiffs' Sixth Claim for Relief due to the fact that said allegations are not direct towards this defendant.  In the event that said allegations are so construed as to apply to this defendant, this defendant denies each and every allegation.

## **SEVENTH CLAIM FOR RELIEF**

## **DENIAL OF PROOF OF CLAIM FILED BY FANNIE MAE (CLAIM 10-1)**

Defendant, SAFEGUARD PROPERTIES, LLC, makes no answer to the allegations of Plaintiffs' Seventh Claim for Relief due to the fact that said allegations are not direct towards this defendant. In the event that said allegations are so construed as to apply to this defendant, this defendant denies each and every allegation.

WHEREFORE, Safeguard Properties, LLC, defendant, herein, moves that a judgment be entered in its favor and against plaintiff, and that it recover its costs.

Respectfully submitted,

                                 TRIBLER ORPETT & MEYER, P.C.

                                 By: s/ Shomshon Moskowitz
                                        One of defendant's attorneys

Shomshon Moskowitz, Esq. – ARDC # 6297247
TRIBLER ORPETT & MEYER, P.C.
225 West Washington Street, Suite 1300
Chicago, Illinois 60606
(312) 201-6400
docket@tribler.com

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of Defendant, Safeguard Properties', Answer to Amended Adversary Complaint, was served upon:

Paul M. Bach
Penolope N. Bach
Bach Law Offices
P.O. Box 1285
Northbrook, IL  60062
paul@bachoffices.com

Kenneth W. Bach
Johnson, Blumberg & Associates
230 W. Monroe Street, Suite 1125
Chicago, IL 60606
kennethb@johnsonblumberg.com


service was accomplished pursuant to ECF as to Filing Users and complies with LR 5.5 as to any party who is not a Filing User or represented by a Filing User by mailing a copy to the above-named attorney or party of record at the address listed above, from 225 W. Washington Street, Suite 1300, Chicago, IL 60606, prior to 5:00 p.m. on the 13th day of January, 2014, with proper postage prepaid.


                                        s/ Shomshon Moskowitz
                                        an Attorney