IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| In the Bankruptcy Matter of:<br><br>Michael D. Sylvester,<br>Dawn M. Sylvester;<br>                    Debtors | Bankruptcy No. 13-06990<br>Judge Donald R. Cassling<br>Chapter: 11 |
| Michael D. Sylvester,<br>Dawn M. Sylvester;<br>                    Plaintiffs<br>v.<br><br>Federal National Mortgage Association ("Fannie Mae"),<br>Seterus, Inc.,<br>Safeguard Properties, LLC;<br>                    Defendants | Adv. 13-00970 |

**ANSWER BY FEDERAL NATIONAL MORTGAGE ASSOCIATION AND SETERUS, INC. TO AMENDED ADVERSARY COMPLAINT OF THE DEBTOR FOR DECLARATORY JUDGMENT, INJUNCTIVE RELEIF AND FOR DAMAGES FOR VIOLATION OF THE AUTOMATIC STAY**

NOW COMES Federal National Mortgage Association  ("Fannie Mae") and Seterus, Inc. (hereinafter "Defendants"), through their attorney, Kenneth W. Bach of Johnson, Blumberg & Associates, LLC, and responds to the adversary complaint of the Debtors as follows:


*Paragraph 1:  This is an action brought be the Plaintiffs for a Declaratory Judgment, injunctive, legal and equitable relief as provided for by Rules 7001(1), 7001(7) and 7001(9) of the Federal Rules of Bankruptcy Procedure.*


Response to Paragraph 1:  Defendants admit the allegations in paragraph 1.


*Paragraph 2: The Plaintiffs are also seeking the recovery of actual and punitive damages and attorney fees from the Defendants pursuant to Section 362(k) of the Bankruptcy Code as well as damages resulting from trespass, conversion, intrusion upon seclusion, breach of*

*contract, intentional infliction of emotional distress and violations of the Illinois Consumer Fraud Act.*

Response to Paragraph 2:  Defendants deny that damages have resulted from any of the allegations made in paragraph 2.  Defendants admit the remaining allegations in Paragraph 2.

*Paragraph 3:  The Plaintiffs are also objecting to the Proof of Claim (Claim 10-1) filed in this case by the Defendants Federal National Mortgage Association (hereinafter called "Fannie Mae") and/or Seterus, Inc. (hereinafter called "Seterus") pursuant to Rule 3007 of the Federal Rules of Bankruptcy Procedure and Sections 502 and 506 of the Bankruptcy Code.*

Response to Paragraph 3:  Defendants admit the allegations in Paragraph 3.

*Paragraph 4:* All of the claims stated herein stem from the damage, destruction and the illegal entry upon Plaintiffs' real property by Defendants without any authorization or consent.

Response to Paragraph 4:  Defendants deny the allegations in Paragraph 4.

*Paragraph 5:  This is a core proceeding as that term is defined by Section 157(b)(2) of Title 28 of the United States Code in that it concerns claims and matters arising out of the administration of this bankruptcy case and rights duly established under Title 11 of the United States Code and other applicable federal law.*

Response to Paragraph 5:  Defendants admit that the portion of the case concerning "recovery of actual and punitive damages and attorney fees from the Defendants pursuant to Section 362(k) of the Bankruptcy Code" and the claim objection are core proceedings. Defendants deny that the matters concerning "damages resulting from trespass, conversion, intrusion upon seclusion, breach of contract, intentional infliction of

emotional distress and violations of the Illinois Consumer Fraud Act" (collectively the "State Law Claims") are core proceedings.

*Paragraph 6:  This Court has both personal subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code.*

Response to Paragraph 6:  Defendants deny that this court has subject matter jurisdiction pursuant to 28 U.S.C. 157(b)(2) over the State Law Claims. Defendants admit the remaining allegations in Paragraph 6.

*Paragraph 7: The Court has supplemental jurisdiction over the state law claims under Section 1367 of Title 20 of the United States Code.*

Response to Paragraph 7:  Defendants deny the allegations in Paragraph 7.

*Paragraph 8:  Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.*

Response to Paragraph 8:  Defendants admit the allegations in Paragraph 8.

*Paragraph 9:  The Plaintiffs in this case are Debtors under Chapter 11 of Title 11 of the United States Code in case number 13-6990, which case is presently pending before this court. The Plaintiff is hereinafter referred to as the Plaintiffs or the Debtors.*

Response to Paragraph 9:  Defendants admit the allegations in Paragraph 9.

*Paragraph 10:  The Defendant, Federal National Mortgage Association (hereinafter called "Fannie Mae"), is a federally chartered private corporation with its principal place of business in Washington, D.C.*

Response to Paragraph 10:  Defendants admit the allegations in Paragraph 10.

*Paragraph 11:  The Defendant, Seterus, Inc., is a Delaware corporation with a registered agent and address of CT Corporation System 208 S. LaSalle Street, Suite 814, Chicago, Illinois, 60604.  The President and Secretary of Seterus, Inc. is Jay Memmott, 14523 SW Millikan Way #200, Beaverton, Oregon 97005.  At all times relevant herein Seterus, Inc. its agents and employees were acting on behalf of and as an agent for Defendant Fannie Mae as a mortgage servicer.*

Response to Paragraph 11:  Defendants admit that Seterus, Inc. is the servicer for the loan account associated with the mortgage on 6359 South State Road, Knox, IN 46534.  Defendants deny all other allegations in Paragraph 11.

*Paragraph 12:  The Defendant, Safeguard Properties, Inc. d/b/a Safeguard Real Estate Properties, LLC (hereinafter called "Safeguard"), is a Delaware corporation with a registered agent and address of Illinois Corporation Service, 801 Adlai Stevenson Drive, Springfield, Illinois, 60703.  The Principal Office of Safeguard Properties, LLC is located at 7887 Safeguard Circle, Valley View, Ohio 44125.  At all times relevant herein, Safeguard Properties, LLC, its agents and employees were acting on behalf of and as an agent for Defendant Fannie Mae and/or Seterus.*

Response to Paragraph 12:  Defendants lack the knowledge to admit or deny the allegations in Paragraph 12 and therefore deny them.

*Paragraph 13:  The Real Estate Commonly known at 6359 South State Road, Knox, Indiana is legally described as follows:*

*LOT 52 IN SCOVILLE'S SUBDIVISION OF ORIGINAL LOT 2 IN THE NORTHEAST QUARTER OF SECTION 24, TOWNSHIP 32 NORTH, RANGE 2 WEST OF THE 2ND P.M., STARKE COUNTY, INDIANA TOGETHER WITH THE MEANDERED LAND ADJACENT THERETO./*

*(hereinafter called "the real estate")*

Response to Paragraph 13:  Defendants admit the allegations in Paragraph 13.

*Paragraph 14:  On July 15, 2002, Dawn M. Sylvester executed a Note to Greenpoint Mortgage Funding, Inc. in the amount of $143,500.00 (hereinafter called "the Note") and a Mortgage as Grantor to Mortgage Electronic Registration Systems, Inc. as Grantee in the amount of $143,500.00 ((Starke County Recording Number 2002454143 recorded on July 16, 2002.)(hereinafter called "the mortgage").  The Note and Mortgage are a part of Exhibit 1.*

Response to Paragraph 14:  Mortgage Electronic Registration Systems (MERS) was the nominee of lender Greenpoint Mortgage Funding, Inc. and the Mortgagee in the aforementioned mortgage. Defendants admit the remaining allegations in Paragraph 14.

*Paragraph 15:  That on May 13, 2013, Fannie Mae filed a Proof of Claim in the underlying Chapter 11 case as Claim 10-1.  A copy of the Proof of Claim 10-1 in Case 13 B 6990 is attached as Exhibit 1.*

Response to Paragraph 15:  Defendants admit the allegations in paragraph 15, but clarify that the correct party name for the Proof of Claim is Federal National Mortgage Association, (Fannie Mae), creditor c/o Seterus, Inc..

*Paragraph 16:  That according to the Note in Exhibit 1, Greenpoint Mortgage Funding, Inc. allegedly endorsed to the Note to Fannie Mae.  Additionally, according to an Assignment which is a part of Exhibit 1, the mortgage was allegedly assigned by Mortgage Electronic Registration Systems, Inc. to Fannie Mae on March 3, 2011.*

Response to Paragraph 16:  Defendants admit that GreenPoint Mortgage Funding, Inc. indorsed the Note to Federal National Mortgage Association, and that Mortgage Electronic

Registration Systems, Inc., as nominee for GreenPoint Mortgage Funding, Inc., assigned the Mortgage to Federal National Mortgage Association on March 3, 2011.

*Paragraph 17:  The Proof of Claim that was filed by Fannie Mae on May 13, 2013, was in the amount of $185,388.07 and in the amount of $58,241.16 for arrears.  See attached Exhibit 1.  The Plaintiff questions the right of Fannie Mae to file a Proof of Claim in this case as the mortgage and note attached to the Proof of Claim are in favor of Greenpoint Mortgage Funding, Inc.  Although there is an alleged endorsement and Assignment, Plaintiff disputes the validity of both documents.  On this basis the entire Proof of Claim should be denied.  In the event that the court determines that Fannie Mae had a right to file a Proof of Claim the court should consider items in the Proof of Claim itself.  Fannie Mae's arrearage claim included thirty one mortgage payments, property inspections, attorney fees and an alleged escrow shortage.  Plaintiff specifically objects to the following charges:*

*(a)     $33,030.19 is listed as the regular monthly principal and Interest Installments; No documentation is provided as how that number is computed or the amount being alleged as the monthly payment that was not paid.  This amount is objected to;*

*(b)     $19,789.44 is listed as an Escrow Shortage.  No documentation or detail is provided as such information is demanded and is objected to;*

*(c)     $360.00 is listed as Property Inspections Fees.  No documentation or detail is provided and such information is demanded and objected to;*

*(d)     $2,271.80 is listed as Property Preservation Expenses.  No documentation or detail is provided and such information is demanded and objected to;*

*(e)     $200.00 is listed as Title Costs.  No documentation or detail is provided as such information is demanded and is objected to;*

(f)      *$900.00 is listed as attorney fees. No documentation (copy of the invoice) or detail is provided as such information is demanded and is objected to;*

(g)      *$1,400.00 is listed as prior attorney fees. No documentation (copy of the invoice) or detail is provided as such information is demanded and is objected to;*

(h)      *$176.00 is listed as prior bankruptcy costs. No documentation (copy of the invoice) or detail is provided as such information is demanded and is objected to;*

(i)      *$270.00 is listed as Locksmith. No documentation or detail is provided as such information is demanded and is objected to.*

Response to Paragraph 17:  Defendants admit that the Proof of Claim contained the figures stated above, and state further that this Proof of Claim has sufficient documentation to support those figures.  Defendants deny all other allegations in Paragraph 15.

*Paragraph 18:  On November 2, 2010, Michael and Dawn Sylvester filed a Petition under Chapter 13 of the Bankruptcy Code as Case Number 10 B 49354 in the Northern District of Illinois.  Case 10 B 49354 was dismissed on March 14, 2011 (hereinafter called "Bankruptcy Case One").*

Response to Paragraph 18:  Defendants admit the allegations in Paragraph 18.

*Paragraph 19:  On April 1, 2011, Michael and Dawn Sylvester filed a Petition under Chapter 13 of the Bankruptcy Code as Case Number 11 B 14035 in the Northern District of Illinois.   Case 11 B 14035 was dismissed on June 4, 2012 (hereinafter called "Bankruptcy Case Two").*

Response to Paragraph 19:  Defendants admit the allegations in Paragraph 19.

*Paragraph 20:  On June 12, 2012, Michael and Dawn Sylvester filed a Petition under Chapter 13 of the Bankruptcy Code as Case Number 12 B 23667 in the Northern District of Illinois.   Case 12 B 23667 was dismissed on November 15, 2012 (hereinafter called "Bankruptcy Case Three").*

Response to Paragraph 20:  Defendants admit the allegations in Paragraph 20.

*Paragraph 21:  On February 24, 2013, Michael and Dawn Sylvester filed a Petition under Chapter 11 of the Bankruptcy Code as Case Number 13 B 06690 in the Northern District of Illinois.   Case 13 B 06690 is the underlying case and is currently pending before this Court (hereinafter called 'the Present Bankruptcy Case").*

Response to Paragraph 21:  Defendants admit the allegations in Paragraph 21.

*Paragraph 22   Case Two (11 B 14035) of the Plaintiffs was commenced by the filing of a voluntary petition with the Clerk of this Court on April 1, 2011.*

Response to Paragraph 22:  Defendants admit the allegations in Paragraph 22.

*Paragraph 23:  On April 6, 2011, the Clerk of this Court, via the Bankruptcy Noticing Center, caused a written notice of the filing, of the automatic stay, and of the 341 meeting of creditors in Case Two to be mailed to all parties on the master mailing matrix by first class mail and that such notice was in fact received Fannie Mae, Seterus and Safeguard (as agent of Fannie Mae and Seterus).  A copy of the Notice of Commencement of Chapter 13 Case is attached as Exhibit "2."*

Response to Paragraph 23:  Defendants admit that, per court records, a notice of commencement was mailed to IBM, 450 American St, Simi Valley, CA 93065.  Defendant denies all other allegations in Paragraph 21.

*Paragraph 24: The Plaintiffs allege, upon information and belief, that the Exhibit "2" was mailed by the Clerk of this Court included the following warning to all creditors:* **"CREDITORS MAY NOT TAKE CERTAIN ACTIONS:** *The filing of the bankruptcy case automatically stays certain collection and other actions against the debtor, debtor's property, and certain co-debtors. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be* **penalized**.*"*

Response to Paragraph 24:  Defendants admit the allegations in Paragraph 24.

*Paragraph 25:  On April 6, 2011, the Clerk of this Court, via the Bankruptcy Noticing Center, caused a written notice of the Original Chapter 13 Plan to be mailed to all parties on the master mailing matrix by first class mail and that such notice was in fact received by Fannie Mae, Seterus and Safeguard (as agent of Fannie Mae and Seterus). A copy of the Original Chapter 13 Plan is attached as Exhibit "3."*

Response to Paragraph 25:  Defendants admit that, per court records, a notice of Original Chapter 13 Plan was mailed to IBM, 450 American St, Simi Valley, CA 93065. Defendant denies all other allegations in Paragraph 25.

*Paragraph 26: On April 15, 2011, the Clerk of this Court, via the Bankruptcy Noticing Center, caused a written notice of the Re notice of Confirmation Hearing filed on April 13, 2011, to be mailed to all parties on the master mailing matrix by first class mail and that such notice was in fact received by Fannie Mae, Seterus and Safeguard (as agent of Fannie Mae and Seterus). A copy of the Renotice of Confirmation Hearing filed on April13, 2011, is attached as Exhibit "4."*

Response to Paragraph 26:  Defendants admit that, per court records, a notice of Re-Notice of Confirmation Hearing was mailed to IBM, 450 American St, Simi Valley, CA 93065. Defendant denies all other allegations in Paragraph 24.

*Paragraph 27: On May 13, 2011, A proof of Claim was filed by the predecessor in interest for Seterus in Bankruptcy Case Two (Proof of Claim 10-1).*

Response to Paragraph 27:  Defendants admit that IBM – Lender Business Process Services (a prior corporate name of Seterus, Inc.) filed Proof of Claim 10-1 in case 11-14035 on May 11, 2011.

*Paragraph 28:  Prior to April 13, 2011, the Plaintiffs were in the process of remodeling the real estate.  At that time, Plaintiffs were able to stay in home which had heat, water & air conditioning and was fully furnished with TVs, appliances, personal clothing, bedding and hygiene items. The Plaintiffs additionally were in the process of expanding the home on the real estate and building new dormers on the real estate. On April 13, 2011, the dormers were constructed with all the carpentry and materials including roofing, plywood sheating, roofing black paper and the barrier ice shield.*

Response to Paragraph 28:  Defendants deny the allegations in Paragraph 28.

*Paragraph 29: Prior to April 13, 2011, Seterus on behalf of Fannie Mae issued a work order directing its home preservation company, Safeguard to change the locks and commit additional undertakings at the real estate.  Seterus on behalf of Fannie Mae and Safeguard have a non employer/employee otherwise known as a principal/agent relationship where Safeguard is acting on the direction of Fannie Mae and Seterus.*

Response to Paragraph 29:  Defendants admit to retaining Safeguard to secure the vacant property, which was performed on March 21, 2011. Defendants deny all other allegations in Paragraph 29.

*Paragraph 30:  At no point did any of the Defendants contact the Plaintiffs to ascertain who occupied the real estate or to obtain authorization to enter the real estate.*

Response to Paragraph 30:  Defendants deny the allegations in Paragraph 30.

*Paragraph 31:  On April 13, 2011, Safeguard on the orders of Fannie Mae and/or Seterus*
*forcibly broke into and/or entered and/or obtained access to the real estate, changed*
*the locks, damaged the real estate and other personal property therein, stole personal*
*items from the real estate and prevented access to Plaintiffs to the real estate.*
*Additionally, the locks were changed and a lock box was put near the back door.*
*Safeguard also, secured door locks with a glue/silicone substance (destroyed locks and*
*doors), padlocked doors, boarded-up and removed lower level windows, broke into the*
*real estate, shut-off electric at breaker (cut wires to furnace, copper tubing to*
*mechanical line other lone to all mechanicals),  destroyed well water connections,*
*turned off water, emptied toilets (taped/secured for non use), broke all glass in lower*
*level windows, and emptied contents of refrigerator/freezer into sink (including freezer*
*full of meat and other perishables (although other items thrown away)).*

Response to Paragraph 31:  Defendants deny the allegations in Paragraph 31.

*Paragraph 32:  That since April 13, 201l, the Plaintiffs have not had access to the real*
*estate although access has been demanded many times.  The fact that the Plaintiffs*
*did not have access has caused substantial damage to the real estate due to water,*
*mold, mildew and other elements. That as a result of the actions of Safeguard the*
*home on the real estate is a total loss and will need to be completely replaced.   The*
*actions of Safeguard on behalf of Seterus and Fannie Mae have caused more*
*damages that the amount claimed by Fannie Mae.*

Response to Paragraph 32:  Defendants deny the allegations in Paragraph 32.

*Paragraph 33: That in August 2011, after Complaints from Plaintiffs Safeguard removed the*
*coverings off the basement windows which was then left strewn over the lawn*
*(including other debris) which was cleaned by Plaintiffs.  Since the glass for the*
*basement windows was broken by Safeguard in April 2011, the removal of the*

*boards caused additional damages (real estate left open to the elements) leaving the entire house open to elements, animals and people.*

Response to Paragraph 33: Defendants admit that the window coverings were removed after a request by the Debtors. Defendant denies the remaining allegations in Paragraph 33. Furthermore, Defendant states that the windows were missing prior to Safeguard securing the property.

*Paragraph 34: Seterus had a consensual, principal/agent relationship with Safeguard.*

Response to Paragraph 34: Defendants deny the allegations in Paragraph 34.

*Paragraph 35.    Fannie Mae had a consensual principal/agent relationship with Safeguard.*

Response to Paragraph 35: Defendants deny the allegations in Paragraph 35.

*Paragraph 36: Seterus had the right to control the manner and method in which Safeguard came in contract with, entered and altered the subject property.*

Response to Paragraph 36: Defendants deny the allegations in Paragraph 36.

*Paragraph 37: Fannie Mae had the right to control the manner and method in which Safeguard came in contract with, entered and altered the subject property.*

Response to Paragraph 37: Defendants deny the allegations in Paragraph 37.

*Paragraph 38: The Automatic Stay as provided by 11 USC 362 was in full force in effect for Bankruptcy Case Two as to the Real Estate on April 13, 2011, until modification of the Automatic Stay as to Seterus and Fannie Mae in Bankruptcy Case Two on April 2, 2012 (357 days).*

Response to Paragraph 38:  Defendants admit the allegations in Paragraph 38.

*Paragraph 39: Case Three (12 B 23667) of the Plaintiffs was commenced by the filing*
*of a voluntary petition with the Clerk of this Court on June 12, 2012.*

Response to Paragraph 39:  Defendants admit the allegations in Paragraph 39.

*Paragraph 40: On June 15, 2012, the Clerk of this Court, via the Bankruptcy Noticing Center,*
*caused a written notice of the filing, of the automatic stay, and of the 341 meeting of creditors*
*in Case Three to be mailed to all parties on the master mailing matrix by first class*
*mail and that such notice was in fact received Fannie Mae, Seterus and Safeguard (as*
*agent of Fannie Mae and Seterus).  A copy of the Notice of Commencement of Chapter*
*13 Case is attached as Exhibit "5."*

Response to Paragraph 40:  Defendants admit that, per court records, a notice of commencement
was sent to IBM Lender Business Process, P.O. Box 4128, Beaverton, OR 97076-4128;
Seterus, 14523 SW Millikan Way, Suite 200, Beaverton, OR 97005-2352; and Seterus,
PO Box 2008, Grand Rapids, MI 49501-2008.  Defendant denies all other allegations in
Paragraph 40.

*Paragraph 41:  The Plaintiffs allege upon information and belief that the Exhibit "5" was*
*mailed by the Clerk of this Court included the following warning to all creditors:*
**"CREDITORS MAY NOT TAKE  CERTAIN ACTIONS**: *The filing of the*
*bankruptcy case automatically stays certain collection and other actions against the*
*debtor, debtor's property, and certain co-debtors.  If you attempt to collect a debt or*
*take other action in violation of the Bankruptcy Code, you may be **penalized."***

Response to Paragraph 41:  Defendants admit the allegations in Paragraph 41.

*Paragraph 42: On June 15, 2011, the Clerk of this Court, via the Bankruptcy Noticing Center, caused a written notice of the Original Chapter 13 Plan to be mailed to all parties on the master mailing matrix by first class mail and that such notice was in fact received by Fannie Mae, Seterus and Safeguard (as agent of Fannie Mae and Seterus). A copy of the Original Chapter 13 Plan is attached as Exhibit "6."*

Response to Paragraph 42:  Defendants admit that, per court records, a notice of Original Chapter 13 Plan was sent to IBM Lender Business Process, P.O. Box 4128, Beaverton, OR 97076-4128; Seterus, 14523 SW Millikan Way, Suite 200, Beaverton, OR 97005-2352; and Seterus, PO Box 2008, Grand Rapids, MI 49501-2008.  Defendant denies all other allegations in Paragraph 42.

*Paragraph 43: On September 29, 2012, the Clerk of this Court, via the Bankruptcy Noticing Center, caused a written notice of the Modified Chapter 13 Plan filed on September 26, 2012, to be mailed to all parties on the master mailing matrix by first class mail and that such notice was in fact received by Fannie Mae, Seterus and Safeguard (as agent of Fannie Mae and Seterus). A copy of the Modified Chapter 13 Plan filed on September 29, 2012, is attached as Exhibit "7."*

Response to Paragraph 43:  Defendants admit that, per court records, a notice of Modified Chapter 13 Plan was sent to IBM Lender Business Process, P.O. Box 4128, Beaverton, OR 97076-4128; Seterus, 14523 SW Millikan Way, Suite 200, Beaverton, OR 97005-2352; and Seterus, PO Box 2008, Grand Rapids, MI 49501-2008.  Defendant denies all other allegations in Paragraph 43.

*Paragraph 44: The Automatic Stay as provided by 11 USC 362 was in full force in effect for Bankruptcy Case Three as to the Real Estate on June 15, 2012, until dismissal of Bankruptcy Case Two on November 15, 2012 (153 days).*

Response to Paragraph 44:  Defendants admit the allegations in Paragraph 44.

*Paragraph 45.  That based on documents and statements  by agents of State Farm Mutual*
*Insurance Company that Safeguard and/or Seterus initiated a claim for Wind Damage*
*which were actually damages caused by the actions and/or inactions of Safeguard*
*Seterus and Fannie Mae.*

Response to Paragraph 45:  Defendants admit that on or about September 14, 2012, Seterus filed
a claim with State Farm. Defendants deny all other allegations in Paragraph 45.

*Paragraph 46:  The allegations in paragraphs 1 through 45 of this complaint are realleged and*
*incorporated herein by reference.*

Response to Paragraph 46:  Defendants' responses to paragraphs 1 through 46 are restated and
incorporated herein by reference.

*Paragraph 47:   That Safeguard as agent for Seterus and/or Fannie Mae has held possession*
*of the real estate  since May 5, 2011, and as result of the actions or lack of actions in*
*protecting and preserving  the real estate the actions of Safeguard, Seterus and/or*
*Fannie Mae has caused substantial damages to the real estate.   The Plaintiffs should*
*be given permanent possession of the real estate immediately in order that further*
*damages do not occur and that repairs can be made.*

Response to Paragraph 47:  Defendants deny that Defendants the allegations in Paragraph 47.
Upon the request of the Debtors and Debtor's attorney, Debtor's attorney was provided
with the lock box code on June 29, 2011.  Upon the request of Debtor's attorney, the
property was un-secured on July 1, 2011.

*Paragraph 48:  The allegations in paragraphs 1 through 47 of this complaint are realleged and*
*incorporated herein by reference.*

Response to Paragraph 48:  Defendants' responses to paragraphs 1 through 47 are restated and
incorporated herein by reference.

*Paragraph 49:  At all times relevant, Michael Dominic Sylvester and Dawn Marie Sylvester
were the legal owners of the real estate.*

Response to Paragraph 49:  Defendants admit that the Sylvester owned the property from July
15, 2002 to January 14, 2014.  Defendants deny the remaining allegations in Paragraph
49.

*Paragraph 50:  At all times relevant, Michael Dominic Sylvester and Dawn Marie Sylvester
had a legal right to possession of the real estate.*

Response to Paragraph 50:  Defendants admit that the Sylvester had a right to possess the real
estate from July 15, 2002 to January 14, 2014.  Defendants deny the remaining
allegations in Paragraph 50.

*Paragraph 51:  Without consent or a right to possession, Fannie Mae and Seterus through its
agent (Safeguard) forcibly entered the subject property, changed the locks, damaged
the real property, and removed personal property.*

Response to Paragraph 51:  Defendants deny the allegations in Paragraph 51.

*Paragraph 52:  Fannie Mae and Seterus knew that Michael Dominic Sylvester and Dawn
Marie Sylvester owned the subject property and had possessory rights but Fannie Mae
and Seterus acted with reckless, willful and conscious disregard for Michael Dominic
Sylvester and Dawn Marie Sylvester's property rights.*

Response to Paragraph 52:  Defendants deny the allegations in Paragraph 52.

*Paragraph 53:  Fannie Mae, Seterus and their agents' forced entry, trespass upon the subject
property, and changing of the locks interfered with Plaintiffs' ownership, use
enjoyment and possession of the premises.*

Response to Paragraph 53:  Defendants deny the allegations in Paragraph 53.

*Paragraph 54:  Fannie Mae, Seterus and its agents' forced entry and trespass upon the subject property caused great harm, humiliation, mental distress and suffering.*

Response to Paragraph 54:  Defendants deny the allegations in Paragraph 54.

*Paragraph 55:  Fannie Mae, Seterus and its agents' normal business practice is to ignore the possessory and ownership rights of homeowners and conduct business without obtaining a court order or searching the recorder of deeds to confirm or verify rights to property.*

Response to Paragraph 55:  Defendants deny the allegations in Paragraph 55.

*Paragraph 56:  The allegations in paragraphs 1 through 47 of this complaint are realleged and incorporated herein by this reference.*

Response to Paragraph 56:  Defendants' responses to paragraphs 1 through 47 are restated and incorporated herein by reference.

*Paragraph 57:  Fannie Mae and Seterus through its agent Safeguard stole Michael Dominic Sylvester and Dawn Marie Sylvester's personal property.*

Response to Paragraph 57:  Defendants deny the allegations in Paragraph 57.

*Paragraph 58:  Fannie Mae, Seterus and their agents (Safeguard) remain in unlawful possession of Michael Dominic Sylvester and Dawn Marie Sylvester's personal property.*

Response to Paragraph 58:  Defendants deny the allegations in Paragraph 58.

*Paragraph 59:  Michael Dominic Sylvester and Dawn Marie Sylvester have demanded the return of their personal property from Fannie Mae, Seterus and Safeguard.*

Response to Paragraph 59:  Defendants lack the knowledge to admit or deny the allegations in Paragraph 59 and therefore deny them.

*Paragraph 60:  Fannie Mae, Seterus and Safeguard have made no attempt to replace or return Michael Dominic Sylvester and Dawn Marie Sylvester's personal property, nor have they offered to pay Michael Dominic Sylvester and Dawn Marie Sylvester the equivalent monetary value.*

Response to Paragraph 60:  As Paragraph 60 is premised upon alleged facts that Defendants have previously denied, Defendants deny the allegations in Paragraph 60.

*Paragraph 61:  The allegations in paragraphs 1 through 60 of this complaint are realleged and incorporated herein by this reference.*

Response to Paragraph 61:  Defendants' responses to paragraphs 1 through 60 are restated and incorporated herein by reference.

*Paragraph 62:  Fannie Mae and Seterus through its agent Safeguard, intentionally and physically intruded into the solitude and seclusion of Michael Dominic Sylvester and Dawn Marie Sylvester's private affairs with authority or consent.*

Response to Paragraph 62:  Defendants deny the allegations in Paragraph 62.

*Paragraph 63:  Michael Dominic Sylvester and Dawn Marie Sylvester had a
    reasonable expectation of privacy within the real estate.*

Response to Paragraph 63:  Defendants deny the allegations in Paragraph 63.

*Paragraph 64:  The Defendants' acts of intrusion were highly offensive to Michael Dominic*

*Sylvester and Dawn Marie Sylvester and like-minded reasonable individuals.*

Response to Paragraph 64:  Defendants lack the knowledge to admit or deny the allegations in
    Paragraph 64 and therefore deny them.

*Paragraph 65:  The Defendants unlawfully entered a locked residence and rummaged through
Michael Dominic Sylvester and Dawn Marie Sylvester's personal belongings.*

Response to Paragraph 65:  Defendants deny the allegations in Paragraph 65.

*Paragraph 66:  Michael Dominic Sylvester and Dawn Marie Sylvester suffered injury and
    damage to their personal property as a direct result of Defendants' unlawful entry into
    their home and the taking and rummaging through their personal property.*

Response to Paragraph 66:  Defendants deny the allegations in Paragraph 66.

*Paragraph 67:  Defendants' conduct described herein constitutes willful and wanton
    disregard for rights of Michael Dominic Sylvester and Dawn Marie Sylvester.*

Response to Paragraph 67:  Defendants deny the allegations in Paragraph 67.

*Paragraph 68:  The allegations in paragraphs 1 through 67 of this complaint are realleged
and incorporated herein by this reference.*

Response to Paragraph 68:  Defendants' responses to paragraphs 1 through 67 are restated and
incorporated herein by reference.

*Paragraph 69:  The actions of the Defendants taking possession of the real estate on May 5,
2011, were violations of 11 U.S.C. Section 362 and 11 U.S.C. Section 541.*

Response to Paragraph 69:  Defendants deny the allegations in Paragraph 69.

*Paragraph 70:  As a result of the above violations of 11 U.S.C. Section 362, the
Defendants  are liable to the Plaintiff for actual damages and legal fees.*

Response to Paragraph 70:  Defendants deny the allegations in Paragraph 70.

*Paragraph 71:  Furthermore, the Court should impose punitive damages against the
Defendants had notice of filing of Bankruptcy Case Two on April 1, 2011, even though
they had sufficient notice of the filing of Bankruptcy Case Two and then not returning
possession during the balance of Bankruptcy Case Two even when that case was
confirmed and later Bankruptcy Case Three. The actions of Defendant show a lack of
respect of this Court by immediately returning possession to Plaintiffs.*

Response to Paragraph 71:  Defendants deny the allegations in Paragraph 71.

*Paragraph 72:  The allegations in paragraphs 1 through 71 of this complaint are realleged and
incorporated herein by reference.*

Response to Paragraph 72:  Defendants' responses to paragraphs 1 through 71 are restated and
incorporated herein by reference.

*Paragraph 73:  That the Note and Mortgage constitute a Contract between the Plaintiffs
and Fannie Mae.*

Response to Paragraph 73:  Defendants admit the allegations in Paragraph 73.

*Paragraph 74:  That the actions of Defendants in failing to preserve and protect the real estate after taking possession (in Violation of the Automatic Stay) violated the Note and Mortgage and a result Plaintiff is entitled to damages for that breach.*

Response to Paragraph 74:  Defendants deny the allegations in Paragraph 74.

*Paragraph 75:  Fannie Mae & Seterus breached their duty of good faith and fair dealing in this matter because of the torts and deceptive practices that were committed in violation of the law.*

Response to Paragraph 75:  Defendants deny the allegations in Paragraph 75.

*Paragraph 76: Under the terms of the mortgage for the real estate, Fannie Mae and Seterus are required to comply with federal and state law.*

Response to Paragraph 76:  Defendants admit that they are required to comply with federal and state law, regardless of whether they have so elected by the terms of a mortgage contract.

*Paragraph 77:  The mortgage for the real estate required that Fannie Mae and Seterus take reasonable steps to determine whether the real estate was abandoned.*

Response to Paragraph 77:  Defendants deny the allegations in Paragraph 77.

*Paragraph 78:  Fannie Mae and Seterus failed to take any steps to determine the subject*

   *property was abandoned,  prior to directing its agents to forcibly enter the real estate.*

Response to Paragraph 78:  Defendants deny the allegations in Paragraph 78.

*Paragraph 79:  As described herein, Michael Dominic Sylvester and Dawn Marie Sylvester*

   *have been damaged  as a result of Fannie Mae and Seterus's  breach of contract.*

Response to Paragraph 79:  Defendants deny the allegations in Paragraph 79.

*Paragraph 80:  The allegations in paragraphs 1 through 79 of this complaint are realleged and*

   *incorporated herein by reference.*

Response to Paragraph 80:  Defendants responses to paragraphs 1 through 79 are restated and
   incorporated herein by reference.

*Paragraph 81  Paragraphs 15 to 17 of this Adversary Complaint  state a sufficient basis that*

   *Claim 10-1 of Fannie Mae and attached as Exhibit 1 should be denied and that Fannie*

   *Mae should not be granted leave to refile the Proof of Claim.*

Response to Paragraph 81:   Defendants deny the allegation in Paragraph 81.

WHEREFORE, Federal National Mortgage Association  ("Fannie Mae"), and Seterus, Inc.
hereby request that this court Deny all relief sought by Plaintiffs and Dismiss this Adversary
Complaint.

/s/ Kenneth W. Bach
Kenneth W. Bach, ARDC #6295816
Attorney for Federal National Mortgage Association
("Fannie Mae"), and Seterus, Inc.

Kenneth W. Bach
Johnson, Blumberg, & Associates, LLC
230 W. Monroe Street, Suite 1125
Chicago, Illinois 60606
Ph. 312-541-9710
Fax 312-541-9711

**NOTICE:**

THIS LAW FIRM IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION
OBTAINED WILL BE USED FOR THAT PURPOSE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| In the Bankruptcy Matter of:<br><br>Michael D. Sylvester<br>Dawn M. Sylvester;<br>              Debtors | Bankruptcy No. 13-06990<br>Judge Donald R. Cassling<br>Chapter: 11 |
| Michael D. Sylvester,<br>Dawn M. Sylvester;<br>              Plaintiffs<br><br>v.<br><br>Federal National Mortgage Association ("Fannie Mae"),<br>Seterus, Inc.,<br>Safeguard Properties, LLC;<br>              Defendants | Adv. 13-00970 |

## <u>CERTIFICATE OF SERVICE</u>

TO:   Michael D. Sylvester, 10430 S. Western Ave, Chicago, IL 60643
       Dawn M. Sylvester, 10430 S. Western Ave, Chicago, IL 60643
       Paul M. Bach, P.O. Box 1285, Northbrook, IL 60065
       Patrick S. Layng, 219 S. Dearborn, Rm. 873, Chicago, IL 60604

I, Kenneth W. Bach, an attorney certify that I served the attached answer to amended adversary complaint by mailing a copy to the Debtors at the address listed above by depositing the same in the U.S. mail, first class, postage prepaid at 230 W. Monroe, Chicago, IL 60606 on or before 5:00 p.m. on January 14, 2014. The remaining parties were served by the CM/ECF electronic noticing system.

                    /s/ Kenneth W. Bach
                      Kenneth W. Bach,  IL ARDC #6295816

Kenneth W. Bach
Johnson, Blumberg, & Associates, LLC
230 W. Monroe Street, Suite 1125
Chicago, Illinois 60606
Ph. 312-541-9710
Fax 312-541-9711

## NOTICE:
THIS LAW FIRM IS ATTEMPTING TO COLLECT A DEBT AND ANY

INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE